11-4751-cr
United States v. Hernandez (Barreto)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand thirteen.

Present:
        CHESTER J. STRAUB,
        PETER W. HALL,
        CHRISTOPHER F. DRONEY,

            *Circuit Judges.*

_____

United States of America,

        Appellee,

v.                                          No. 11-4751-cr

Omar Hernandez,

        Defendant,

Jazmine Barreto,

        Defendant - Appellant.

_____

FOR APPELLANT:                    GERALD T. WALSH, Zdarsky, Sawicki & Agostinelli LLP, Buffalo, New York.

FOR APPELLEE:                     STEPHAN J. BACZYNSKI , Assistant United States Attorney, *of counsel for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

_____

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Jazmine Barreto ("Barreto") was arrested in 2008, and indicted in 2009 on charges of conspiracy to possess with intent to distribute five hundred grams or more of cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute that same amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).[1] Barreto was also charged with two counts of using a telephone in furtherance of the possession and conspiracy offenses in violation of 21 U.S.C. § 843(b). She was convicted on all counts on April 20, 2011 after a trial by jury. Post-trial, Barreto moved for a judgment of acquittal under Fed. R. Crim. P. 29 or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33. The district court denied the motion, and Barreto was sentenced to, *inter alia*, 63 months' imprisonment. She now timely appeals both her conviction and her sentence. We assume the parties' familiarity with the factual and procedural background of this case, and will proceed to address each argument in turn.

_____

[1] The government amended the superseding indictment, replacing the 21 U.S.C. § 841(b)(1)(A) charge with the lesser included offense under § 841(b)(1)(B).

**A. Trial Challenges:**

   **1. Alleged Perjured Testimony:**

Barreto's first contention is that a prosecution witness, Nemencio Rosario ("Rosario") committed perjury by exaggerating the quantities of cocaine that he purchased from her. Barreto argues that the price Rosario claims to have paid for the cocaine shows that each of the deals he testified about would have involved five ounces of cocaine rather than nine ounces as the witness claimed. Barreto also asserts that wiretapped conversations between Rosario and his brother showed that Rosiaro routinely had trouble obtaining the necessary funds to purchase larger quantities of cocaine.

We "review motions for a new trial under an 'abuse-of-discretion' standard." *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009). "A district court abuses or exceeds the discretion accorded to it when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision-though not necessarily the product of a legal error or a clearly erroneous factual finding−cannot be located within the range of permissible decisions." *United States v. Owen*, 500 F.3d 83, 87 (2d Cir. 2007) (internal quotation marks omitted). When a defendant claims that a new trial is required because a witness committed perjury, the defendant must show that, "(i) the witness actually committed perjury ...; (ii) the alleged perjury was material ...; (iii) the government knew or should have known of the perjury at [the] time of trial ...; and (iv) the perjured testimony remained undisclosed during trial...." *United States v. Josephberg*, 562 F.3d 478, 494 (2d Cir. 2009) (internal quotation omitted). A witness perjures himself when he, "gives false testimony concerning a material matter with the willful intent to provide false testimony, as distinguished from incorrect testimony resulting from confusion,

mistake, or faulty memory." *United States v. Monteleone*, 257 F.3d 210, 219 (2d Cir. 2001); *see also United States v. Zichettello*, 208 F.3d 72, 102 (2d Cir. 2000).

Contradictions in testimony that do not amount to perjury are properly considered by the jury when determining the weight that a witness's evidence may bear. *See United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992) ("It long has been our rule that trial courts must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses.") (internal quotation omitted). Such contradictions should not provide a basis for the court to usurp the role of the finder of fact. We have previously cautioned that "[r]eversal of a conviction based upon allegations of perjured testimony should be granted only with great caution and in the most extraordinary circumstances." *Zichettello*, 208 F.3d at 102 (internal quotation omitted).

The district court, which presided over the trial and is in the best position to evaluate the evidence before it, determined that Barreto failed to show that a government witness committed perjury, let alone that the government either knew or should have known of that perjury. The contradictions in Rosario's testimony were exposed at trial through the testimony of his brother, and through wiretap recordings of phone calls. When there are conflicting versions of events, it is for the jury to decide which witness to credit. *Cf. United States v. Ferguson*, 246 F.3d 129, 133-34 (2d Cir. 2001) ("Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, it is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment.") (internal quotation and alteration omitted).

In light of the evidence presented, we see no reason on appeal to disturb the lower court's conclusion. We note that using either calculation of the weight of the cocaine involved in the transactions at issue Barreto is still responsible for more than 500 grams of cocaine as was

charged in the Amended Superseding Indictment, and there is, therefore, no merit to a challenge to the sufficiency of the evidence. There has been no showing that the witness's wavering with respect to the amount involved in each transaction is the result of perjury as opposed to a faulty memory. The assessment of the witness's credibility was properly left in the capable hands of the trial jury.

**2. Evidentiary Objections:**

Barreto next challenges the admission of certain hearsay statements of co-conspirators at trial. Her main contention is that there was insufficient evidence before the district court for it to have found that the statements were made during and in furtherance of the charged conspiracy, which took place from 2007 to 2008. The district court's admission of "alleged hearsay evidence is reviewed only for 'clear error.'" *United States v. Padilla*, 203 F.3d 156, 161 (2d Cir. 2000) (citing *United States v. Orena*, 32 F.3d 704, 711 (2d Cir. 1994)). Prior to admitting a statement under Rule 801(d)(2)(E) that is asserted to be hearsay, a court must determine that the statement satisfies the rule. "There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (internal quotation omitted). Preliminary questions of this nature are to be resolved by the court by a preponderance of the evidence, which may include reference to the hearsay statements themselves so long as other independent evidence corroborates the fact of the defendant's participation in the conspiracy. *Id.* at 175-76, 181; *see also United States v. Desena*, 260 F.3d 150, 158 (2d Cir. 2001) ("In determining whether a conspiracy existed, the district court may consider the hearsay statement itself, but there must be some independent corroborating evidence of the defendant's participation in the conspiracy." (internal quotation omitted)).

Any improper admission of co-conspirator testimony is subject to harmless error analysis. *United States v. Monteleone*, 257 F.3d 210, 221 (2d Cir. 2001). Under the harmless error framework, the court considers "'(1) the overall strength of the prosecution's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted testimony; and (4) whether such evidence was cumulative of other properly admitted evidence.'" *United States v. Kaplan*, 490 F.3d 110, 123 (2d Cir. 2007) (quoting *Zappulla v. New York,* 391 F.3d 462, 468 (2d Cir. 2004)). In the present case, there was ample circumstantial evidence that showed Barreto's involvement in the charged conspiracy between 2007 and 2008. It is also clear from the challenged testimony that the statements in question were made during and in furtherance of the charged conspiracy in 2007 and 2008. *See* Fed. R. Evid. 801(d)(2)(E). Moreover, in light of the totality of the evidence supporting Barreto's conviction, even if the district court did err, any such error was harmless. We decline to vacate the defendant's conviction on this ground.

**B. Sentencing Challenges:**

This court reviews sentences for reasonableness, which is "a deferential standard limited to identifying abuse of discretion." *United States v. Lee*, 653 F.3d 170, 173 (2d Cir. 2011) (internal quotation marks omitted). "Reasonableness review consists of two prongs: first, we must ensure that the district court committed no significant procedural error, and second, if we find the sentence to be procedurally sound, we must take into account the totality of the circumstances and consider the substantive reasonableness of the sentence." *Id.* (internal quotation marks omitted). Barreto brings two procedural challenges to her sentence. First, she claims that the district court erred by declining to hold an evidentiary, or *Fatico*, hearing where there were disputed facts regarding whether or not she qualified for safety-valve relief under 18

6

U.S.C. § 3553(f). Next, she claims that the district court improperly denied her a departure or variance in light of the sentencing factors listed in 18 U.S.C. § 3553(a).

Under 18 U.S.C. § 3553(f)(5), a defendant must give "the Government all information and evidence [s]he has concerning [her] offense," in order to be eligible for safety-valve relief from a mandatory minimum sentence. A defendant who seeks to take advantage of the safety-valve provision bears the burden of proving by a preponderance of the evidence that "he has provided the requisite truthful information to the government." *United States v. Jimenez,* 451 F.3d 97, 102 (2d Cir. 2006) (per curiam). "Once the government has carried its burden to prove those facts which trigger imposition of a mandatory-minimum sentence, the safety valve operates to impose on the defendant the burden to prove that he is eligible for relief from the mandatory minimum sentence." *Id.*

While it is common for sentencing courts to hold a *Fatico* hearing in order to resolve factual disputes at sentencing, "'[t]he district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes. All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations.'" *United States v. Phillips,* 431 F.3d 86, 93 (2d Cir.2005) (quoting *United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir.1996)).

At the initial sentencing in this case, Barreto's counsel requested a *Fatico* hearing so that the district court could hear evidence regarding Barreto's proffer and determine whether she was eligible for safety-valve relief. At that time it was undisputed that Barreto had not fully disclosed all the information that she knew during the proffer because she would not give the government the name of her cocaine supplier. The court adjourned proceedings for a week in order to give Barreto an opportunity to decide whether she was willing to make a more full

7

disclosure.  Barreto then made a more complete proffer to the government, and the court granted another extension so that the parties could define their positions on the safety-valve issue.  After further submissions by the government, the probation department and Barreto, the court fully considered the evidence before it and determined that a hearing was not required.  Based on the information before it, and the ample opportunities Barreto had to contest the government's evidence through written submissions, the district court did not err in refusing to hold a *Fatico* hearing on the issue of the safety-valve proffer.

After concluding that the § 3553(f) safety-valve did not apply, the district court noted that, in the alternative, it was unnecessary to resolve the safety-valve and offense-level disputes because the appropriate custodial sentence was at the intersection of the Guidelines ranges with and without the safety valve.  *See United States v. Bermingham*, 855 F.2d 925, 931 (2d Cir. 1988).  With respect to consideration of the § 3553(a) factors, the district court need not consider each individually and must "satisfy [this Court] only that it has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority." *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010).  We have made clear that, "disputed sentencing issues need not be resolved where the sentencing court (i) could, consistent with the Guidelines, have imposed the same sentence regardless of the outcome of the dispute, and (ii) indicates that it would have done so." *United States v. Borrego*, 388 F.3d 66, 69 (2d Cir. 2004).  This is just such a case.  After consideration of all of the relevant facts and circumstances, the court imposed a sentence of, *inter alia*, sixty-three months' imprisonment, which was just three months above the mandatory minimum and fit squarely and intentionally within the overlap of the disputed guideline ranges.  There is, therefore, no reversible error and the sentence imposed by the district court is AFFIRMED.

8

**Conclusion**

We have considered the remainder of Barreto's arguments and find them without merit.

For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk